U.S. DISTRICT COURT - N.D. OF N.Y.

# FILED

JUL  5 2006

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

------------------------------------------------

UPSTATE NEW YORK BAKERY DRIVERS AND
INDUSTRY PENSION FUND, by Thomas Thayne and
Rodney Malarchik, Trustees

                               Plaintiffs,

  -against-

OKEN DISTRIBUTING, INC. and HOWARD
SCHWARTZ, Individually,

                           Defendants.

------------------------------------------------

**STIPULATION**
**AND ORDER**
**GRANTING**
**JUDGMENT**

Civil Action No.
06-CV-00385 (NAM/GJD)

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiffs Upstate New

York Bakery Drivers Pension Fund by Thomas Thayne and Rodney Malarchik as Trustees, through

their undersigned counsel, and Defendants Oken Distributing, Inc. [hereinafter "Oken"] and

Howard Schwartz, individually, through their undersigned counsel, as follows:

## RECITALS

    A.     The undersigned individuals have full authority required to bind the parties in the

above captioned action, as well as the parties' successors, heirs, trustees, administrators, officers,

executors, personal representatives, endorses, assigns, subsidiaries, related entities, affiliates,

alter egos, and any purchaser, assignee or transferee of Defendant Oken, to the terms of this

Stipulation and Order Granting Judgment [hereinafter "Order"] and any judgment and/or order

resulting from it.

B.      On March 28, 2006, Plaintiffs filed a complaint against Defendants [hereinafter "Complaint"] [Docket No. 1] pursuant to Sections 4219(c)(5), 4221(b)(1), and 4301(b) of the Employee Retirement Income Security Act of 1974, as amended ["ERISA"] [29 U.S.C. §§1399(c)(5), 1401(b)(1) & 1451(b)].

C.      The Summons and Complaint were served upon Defendant Oken on April 4, 2006, and upon Defendant Howard Schwartz on April 12, 2006.

D.      Before Defendants filed an Answer pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants provided unaudited documents and information to Plaintiffs concerning Defendants' insolvency.  Defendants' unaudited documents and information demonstrated that neither Defendant possessed or is likely to possess sufficient assets to satisfy any withdrawal liability or other claim worth more than ten thousand dollars ($10,000.00).  Based on Defendants' unaudited documents and information, the parties reached a settlement agreement forestalling further litigation as described herein.

E.      The undersigned parties agree to resolve this litigation under the terms outlined below and in accordance with applicable law as well as the parties' settlement agreement referenced above.  The undersigned parties concede that this Court has subject matter jurisdiction over this action and that, by agreeing to a judgment in this matter, the parties voluntarily consent to this Court exercising jurisdiction over them personally.

F.      The undersigned parties admit that Defendant Oken was party to collective bargaining agreements with International Brotherhood of Teamsters, Local Union No. 791 [hereinafter "Agreements"]. Pursuant to the Agreements, Defendant Oken was bound by the terms and conditions, rules and regulations of the Restated Agreement and Declaration of Trust



of the Upstate New York Bakery Drivers and Industry Pension Fund and the Upstate New York Bakery Drivers and Industry Pension Fund Withdrawal Liability Policy [hereinafter "Trust" and "Withdrawal Liability Policy"].

G.      The aforesaid Agreements and Trust obligated Defendant Oken to remit pension plan contributions to the Fund until Defendant Oken permanently ceased covered operations within the meaning of ERISA Section 4203(a)(2) [29 U.S.C. §1383(a)(2)] on October 31, 2003.

H.      On June 2, 2005, the Fund's Trustees sent Defendant Oken notice of withdrawal liability [hereinafter "Notice"] amounting to $207,181.00 and requiring payment of same in either: (a) one lump sum within ten (10) days of receipt of the Notice; or (b) fifty two (52) quarterly payments of $5,974.79 beginning sixty (60) days of receiving the Notice, followed by a final payment of $3,188.86 in accordance with ERISA Section 4219(b)(1) [29 U.S.C. §1399(b)(1)]. Defendant Schwartz received the Notice on June 6, 2005, and Plaintiffs pursued reasonable, diligent, and systematic efforts to collect the withdrawal liability assessed against Defendants.

I.      Pursuant to the Agreements, the Trust, and Withdrawal Liability Policy, Defendant Oken admits that it owes Plaintiffs the following:

> (i)      $207,181.00 in withdrawal liability; plus
>
> (ii)     $12,927.89 in interest as of June 30, 2006; plus
>
> (iii)    $41,436.20 in liquidated damages as of June 30, 2006; plus
>
> (iv)     $2,932.50 in attorneys' fees and costs through April 30, 2006.

Thus, as of June 30, 2006, Defendant Oken admits that it owes $264,477.59.



J.     Defendant Schwartz denies that he is personally liable for Defendant Oken's withdrawal liability described above.  Defendant Schwartz hereby reserves any and all defenses to the Complaint and/or to the assessment of withdrawal liability made by Plaintiffs.  Defendant Schwartz represents that if a judgment were entered against him as demanded in the Complaint, he would file a petition for bankruptcy with the United States Bankruptcy Court for the Western District of New York.  Nothing contained herein waives any parties' rights or interests with respect to a determination about whether Defendant Schwartz's debt to Plaintiffs, if any, is dischargeable in bankruptcy pursuant to Sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code [11 U.S.C. §§523(a)(4), 523(a)(6)].

K.     The parties agree that the terms of the judgment and order, as set forth below, constitute full and fair settlement of the claims as raised in the Complaint and should be entered as the judgment in this action by the Court.  The parties represent and agree that no party to this action is an infant or incompetent person, and that no party to this action is serving in any of the armed forces.



**JUDGMENT AND ORDER**

The Clerk of the Court shall enter judgment in the above captioned case in favor of

Plaintiffs and against Defendant Oken for the sum of $264,477.59. The Judgment shall bear

interest thereon at the rate provided for by 28 U.S.C. §1961(a), and Plaintiffs shall have

execution of said Judgment.

The Clerk of the Court shall dismiss the above captioned case against Defendant Howard

Schwartz without prejudice to Plaintiffs' right to reopen the case to seek a judgment against

Defendant Schwartz if Plaintiffs discover that the documents and/or information described in

paragraph (D) above are false and/or no longer valid. If this case is reopened and resumed

against Defendant Schwartz, he retains any and all defenses related to any and all causes of

action alleged against him.

DATED: June _13_, 2006

RONALD J. AXELROD, P.C.

By: _____
Ronald J. Axelrod, Esq.
Bar Roll No. _____
Attorney for Defendants
Office & Post Office Address
300 Linden Oaks, Suite 220
Rochester, New York 14625-2883
Telephone: (585) 419-8080
Facsimile: (585) 248-4961
e-mail: ron@ronaxelrod.com

SO ORDERED:

_____
Honorable Norman A. Mordue
United States District Court Judge

DATED: June _29_ 2006

BLITMAN & KING LLP

By: _____
Daniel Kornfeld, Esq.
Bar Roll No. 512729
Attorneys for Plaintiffs
Office & Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
e-mail: jaclark@bklawyers.com

DATED: ~~June~~ _July 5_, 2006

(cwf\dek\bakery\oken-stpjdg)